**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

| | | |
|---|---|---|
| JOHN PEACH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. U6-15-001185 |
| | ) | |
| M & T BANK CORP., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FANNIE MAE CORP., | ) | |
| | ) | |
| Defendant. | | |

Submitted May 16, 2017
Decided June 1, 2017

*John Peach, pro se, for Plaintiff*
*Emily K. Devan, Esq., Attorney for Defendants*

### DECISION ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF COMMISSIONER'S ORDER AND APPEAL FROM COMMISSIONER'S FINDINGS OF FACT AND RECOMMENDATIONS

On April 12, 2017, Plaintiff John Peach filed an appeal of the Commissioner's findings and recommendation to grant Defendants' motion to dismiss the action. Plaintiff's appeal is DISMISSED, the Commissioner's Recommendation is ACCEPTED, and this action is DISMISSED, for the following reasons.

### Procedural History and Facts

Plaintiff initiated an action against M & T Bank Corp. ("M & T") and Fannie Mae Corp. ("Fannie Mae") on September 16, 2015. Defendants did not file answers to Plaintiff's complaint within 20 days after service of process. Thereafter, on November

1

25, 2015, Plaintiff filed a motion for default judgment. On that same date, Defendants' attorney filed, *inter alia*, an entry of appearance and a motion for enlargement of time to respond to the Complaint, as well as a Motion to Dismiss. On December 7, 2015, the Commissioner recommended that Plaintiff's motion for default judgment be denied and Defendants' motion for the enlargement of time be granted. On December 23, 2015, Plaintiff appealed the Commissioner's recommendation. On January 29, 2016 the Court dismissed Plaintiff's appeal for failure to timely file it, and accepted the Commissioner's recommendations. Plaintiff was granted additional time to respond to the Motion to Dismiss. Plaintiff also filed a Motion to Amend his Complaint on February 3, 2016.

On January 19, 2017 the Commissioner held a hearing on Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint. On April 4, 2017 the Commissioner issued his Findings and Recommendation in a well-reasoned opinion, recommending that the Defendant's Motion to Dismiss be granted, and thus that Plaintiff's Motion to Amend be denied.

On April 12, 2017, Plaintiff filed an Appeal of the Commissioner's Findings and Recommendations, in accordance with the Court's Civil Rule 112(A)(4)(ii). The Clerk of the Court thereupon sent a letter to Plaintiff the same day instructing Plaintiff that, to perfect his appeal, he must comply with Civil rule 112(A)(4)(iii) within 20 days. That subsection requires the party appealing a Commissioner's case-dispositive recommendation to "cause a transcript of the proceedings before the Commissioner to be prepared, served and filed," unless the parties stipulate to a statement of facts with the Judge's approval.

On May 5, 2017 Plaintiff filed a letter with the Court informing it that he had prepared and mailed his request for a transcript to the Court's Reporter. However, on

May 15, 2017 Plaintiff filed another letter with the Court, informing the Court that he refuses to pay the $84.00 cost of the transcript quoted by the Court Reporter. Accordingly, no transcript of the hearing has been filed with the Court.

**Discussion**

Court of Common Pleas Civil Rule 112(A)(4)(iii) provides that a party appealing a Commissioner's findings and recommendations "**shall** cause a transcript of the proceedings before the Commissioner to be prepared, served, and filed unless, subject to the approval of a Judge, all parties agree to a statement of facts."[1] A transcript of the hearing is required for meaningful review of the Commissioner's findings, unless the parties offer the reviewing Judge a stipulation of facts. Plaintiff has not proffered an agreed-upon statement of facts in lieu of a transcript. A review of the allegations and assertions Plaintiff repeatedly and stridently makes in his filings and correspondence clearly demonstrate the unlikelihood of the parties agreeing to any statement of facts.

The Plaintiff has flatly refused to pay for the transcript, without any request to proceed *in forma pauperis*, or even any indication that he cannot afford to pay the modest transcript fee. Plaintiff's only stated reason for refusing to pay for the transcript is that it "will in no way benefit me, therefore I will not pay the $84.00."[2] The transcript is for the benefit of the Court's impartial review, not for the benefit of one party or the other.

A party "appealing the findings of fact and recommendations of a Commissioner under subparagraph (4) who fails to comply with the provisions of this Rule may be

---

[1] Ct. Com. Pl. Civ. R. 112(A)(4)(iii) (emphasis added).
[2] Plaintiff's May 9, 2017 letter to the Clerk of the Court, received May 15, 2017.

subject to dismissal of said … appeal."[3]  The Court has reviewed the Commissioner's Findings and Recommendations without the benefit of a full transcript of the hearing he conducted, and finds it cogent and well-reasoned.  Many of the "issues" Plaintiff has raised throughout the course of this litigation are patently frivolous.  The Court sees no apparent injustice or unfairness in accepting the Commissioner's recommendation without a full transcript review, and dismissing Plaintiff's appeal for his intentional refusal to comply with the Rules of the Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's appeal of the Commissioner's report is **DISMISSED,** and the Commissioner's Recommendation is **ACCEPTED**.  Plaintiff's Motion to Amend his Complaint is **DENIED**, and Defendants' Motion to Dismiss this matter is **GRANTED**.

**IT IS SO ORDERED** this _____ day of June, 2017.

_____
Kenneth S. Clark, Jr., Judge

---

[3] Ct. Com. Pl. Civ. R. 112(B).

4